IN RE RAFAEL S. CURRÁS FIGUEROA, Respondent.

No. 101   Submitted January 13, 1960.—Decided January 19, 1960.

*Blanco Lugo & Souss* for respondent.

ORDER

WHEREAS, the Attorney General of Puerto Rico, filed a complaint on October 21, 1959, against attorney-notary Rafael S. Currás Figueroa, preferring the following charges:

"FIRST CHARGE: During the aforesaid period respondent did not timely affix and cancel bar and internal-revenue stamps in various deeds for the amount of FIFTY-NINE DOLLARS ($59.00), in violation of the provisions of § *6 of the Notarial Act,* 4 L.P.R.A. § 816, and § *2 of Act No. 101 of May 12, 1943,* 4 L.P.R.A. § 851.

"SECOND CHARGE: During the same period, in more than 60 deeds of protocolization of powers of attorney respondent failed to protocol adequately (include in the protocol) the corresponding powers of attorney presented to him for that purpose, and in one of said deeds he falsely attests that he incorporates the power of attorney presented to him, all in violation of § *4 of Act No. 62 approved May 8, 1937,* 4 L.P.R.A. § 923.

"THIRD CHARGE: During said period respondent authorized approximately twenty-five deeds in which, at the time of the inspection by the Inspector of Protocols, the signatures and/or the initials of some of the witnesses and executing parties did not appear, thereby violating §§ *9, 12, and 20 of the Notarial Act,* 4 L.P.R.A. §§ 811, 822, and 830.

"FOURTH CHARGE: During that same period respondent authorized more than 65 deeds in which he does not indicate the profession of the executing parties, and in some he does not duly identify the attesting witnesses, violating § *10 of the Notarial Act,* 4 L.P.R.A. § 820.

"FIFTH CHARGE: At least seventeen (17) of the deeds executed before respondent during the same period, contain inter-

lineations and erasures, some not mentioned and others poorly explained at the foot of the deeds, violating the provisions of § *18 of the Notarial Act,* 4 L.P.R.A. § 828.

"SIXTH CHARGE: In some of the protocols included within said period respondent did not insert on the first page of the first sheet the opening memorandum and in others, even though he inserted it, he did not properly sign them. In some protocols the closing memorandum contains errors in the computation of the folios: in one (1950) no computation was made, while in others, the memorandum does not comply with the terms of the Act; all in violation of § *30 of the Notarial Act,* 4 L.P.R.A. § 839.

"SEVENTH CHARGE: In a large number of deeds of which he issued copies during said period, respondent, upon making the entry in the original of the deed, did not set forth the name of the person to whom it was issued, violating § *25 of the Notarial Act,* 4 L.P.R.A. § 835.

"EIGHTH CHARGE: More than six (6) deeds executed before respondent during that time were signed at the request of the executing parties who did not know how or could not sign, but such reason was not indicated neither in the body of the deed nor by the witness in the note preceding his signature. In deed No. 23 of the protocol corresponding to the year 1950, respondent expressly states that one of the parties signs and affixes her initials and then, without further explanation, a witness appears signing for her at her request and the latter stamps her fingerprints therein, after the notary has signed the deed, although they sign again, thereby violating § *14 of the Notarial Act,* 4 L.P.R.A. § 824.

"NINTH CHARGE: Four of the deeds included in the protocol corresponding to the year 1949 were mutilated during the process of binding, and the signatures of some of the witnesses are incomplete due to said mutilation, all in violation of § *32 of the Notarial Act of March 8, 1906.*

"TENTH CHARGE: After the Inspector of Protocols filed his report before this Honorable Court, in which a great number of irregularities were pointed out, and the protocols being already in possession of the Keeper of General Archives, respondent proceeded to correct many of said irregularities and had

the parties and witnesses affix their initials and signatures therein, in violation of §§ *15 and 18 of the Notarial Act,* 4 L.P.R.A. §§ 825 and 828."

WHEREAS, the Attorney General believes that respondent has performed acts which show an improper and highly censurable conduct in the discharge of his duty as a notary, and requests that after taking the proper legal procedure, said respondent receive the disciplinary or corrective action which the Court may deem proper, pursuant to the attendant circumstances.

WHEREAS, on January 8, 1960, respondent Rafael S. Currás Figueroa filed the following answer to the complaint:

"GENERAL ALLEGATIONS

"1. He admits the facts alleged in the first paragraph of the complaint.

"2. Of the second paragraph of the complaint he admits that during the period between 1948 and 1956, both inclusive, respondent, acting in his capacity as notary, committed errors and irregularities, but denied that it was done in contempt of the law.

"3. For the purpose of the answer to the specific charges filed, respondent states that he has examined, through his subscribing lawyers, the public instruments mentioned in a writing called 'Bill of Particulars,' dated December 7, 1959, in order to determine the deficiencies, errors, and irregularities which have been corrected or cured.

"SPECIFIC ALLEGATIONS AS TO THE CHARGES FILED:

"As a result of the investigation mentioned in paragraph three of the general allegations, the respondent, in his answer to the specific charges, STATES:

"FIRST CHARGE:

"He admits the facts alleged and affirmatively alleges, that, notwithstanding the statement set forth in the report of the Inspector of Protocols dated August 6, 1958, to the effect that after the investigation took place certain internal-revenue stamps that were missing were affixed and cancelled, a further inspection denotes that there are stamps still to be cancelled for the amount of $17.25, as set forth in Exhibit A attached to this answer. So as not to cause any prejudice to the Public Treasury, the corresponding stamps are included herein so that

this Honorable Court shall order the Keeper of General Archives of the District, who has respondent's protocols in his possession, to affix and cancel them in the public instruments indicated. (4 L.P.R.A. § 1020.)

"SECOND CHARGE:

"He admits the facts alleged and affirmatively alleges that the deficiency reported was corrected as to the deeds of proto-colization of powers of attorney listed hereinafter,[1] and that he has—unsuccessfully—tried to correct the same deficiency as to the other documents.

"He also alleges that the powers of attorney which he failed to attach to the record of protocolization are transcribed in the corresponding deed, for which reason he considers that the rights of the interested parties or of third persons have not been prejudiced.

"The deficiency set forth was corrected as to the following deeds:

| *Year* | *No. of Deed* |
|---|---|
| "1953 | 50 |
| "1951 | 69 |
| | 84 |
| | 111 |
| | 121 |
| | 151 |
| | 164 |
| "1950 | 107 |
| | 113 |
| | 131 |
| | 167 |
| "1949 | 165 |
| | 194 |
| | 195 |
| | 207 |
| "1948 | 17 |
| | 93 |

---

[1] Although in the second report from the Inspector of Protocols it is stated that the deficiency indicated was corrected as to deeds Nos. 47 of 1951; Nos. 124, 216, 246 of 1949, and Nos. 6, 13, 19, and 159 of 1948, an examination of said deeds will reveal that the omission stated has not been properly corrected.

"It is also explained that the following deeds which were included in the bill of particulars of the second charge are not of protocolization of power of attorney: deeds Nos. 59 and 134 of 1953, and No. 123 of 1950.

"It is further admitted that in deed No. 60 of 1954, respondent attested that he incorporates thereto the power of attorney presented to him for that purpose, this fact being untrue.

"THIRD CHARGE:

"He admits the facts alleged but affirmatively alleges that at this date the deficiency set forth has been corrected, except the first folio of deed No. 23 of 1950, in which the initials of witness Eduardo Félix, who signed at the request of one of the executing parties, are still missing.

"It is further alleged that the deficiency set forth does not produce the nullity of the public instruments in question.

"FOURTH CHARGE:

"He admits the facts alleged, with the following explanations:

"1. Deeds Nos. 52 and 61 of 1948 and Nos. 23, 28, and 195 of 1950, do not suffer from the deficiency set forth.

"2. The deficiency set forth in the fourth charge refers exclusively to the notary's failure to state the profession of some of the executing parties, with the exception of deeds Nos. 127 and 162 of 1950, and No. 2 of 1948, in which he omitted to state the age of some of the parties.

"As to the improper identification of one of the attesting witnesses in deed No. 28 of 1950, it is accepted that some of the personal circumstances were omitted since the notary, upon referring to the witness, merely stated that 'without exception, resident hereof and without legal impediment to act as such.'

"It is also alleged that this omission does not render the public instruments in question null and void.

"FIFTH CHARGE:

"He admits the facts alleged and affirmatively alleges that save deeds Nos. 246 of 1949 and 32 of 1948, the deficiency set forth has been corrected.

"It is further alleged that deed No. 75 of 1948 did not suffer from the deficiency set forth.

"Sixth Charge:

"He admits the facts alleged, but it is affirmatively alleged that the deficiencies set forth have been corrected, except that the second volume of the protocol of 1949 has no opening memorandum.

"Seventh Charge:

"He admits the facts alleged, but he alleges that the deficiency set forth does not exist as to deed No. 16 of 1956, deed No. 1 of 1954, and deed No. 18 of 1955.

"Eighth Charge:

"He admits the facts alleged in this charge, but he affirmatively alleges that the deficiency set forth has been corrected, with the exception of deeds Nos. 33 and 39 of 1951.

"Ninth Charge:

"He admits the facts alleged, but he alleges that the deficiency set forth does not affect the validity of the public instruments referred to in this charge.

## "Additional Allegations

"As additional allegations respondent states that:

"1. He admits the gravity of the errors with which he has been charged and that he has not acted with the greatest zeal nor has he strictly complied with the law and with the duties imposed upon him, but he alleges that he has had no fraudulent purpose nor the intention to deviate from the ends of justice; that in the acts charged he has not had the deliberate purpose of receiving undue personal profit for himself, or for any other person, and finally, he solemnly binds himself to amend any prejudice that any person might have suffered or suffers due to his conduct.

"2. That respondent has not engaged in the practice of notary since May 18, 1959, date on which he was actually suspended from his notarial practice.

"3. He invokes the discretion of this Honorable Court so that, in view of all the attendant circumstances, he shall be disciplined by the imposition of a fine, since if he be allowed to continue as notary, he shall observe the provisions of the law well and faithfully.

"4. Finally, and in order to save this Court from giving its dedicated attention to this matter and in view of the admis-

sion of the facts as evidenced by this answer, he submits the complaint without need of holding a hearing so that the Court shall provide whatever in its opinion it deems most appropriate."

WHEREAS, the acts of respondent denote gross carelessness and inexcusable neglect in the practice of his notarial office;

THEREFORE, this Court censures the acts of respondent Rafael S. Currás Figueroa, in the careless and negligent practice of his profession as notary, and in view of the attendant circumstances in this case, he is suspended from practice as a notary for the period of one year, effective May 27, 1959, date on which he ceased to practice as a notary, because the bond of notary furnished that day by the Great American Insurance Company to guarantee him in the practice of his profession as notary was not approved.

It was so agreed by the Court as witness the signature of the Chief Justice.

